**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SMEG USA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNIS, LLC,<br><br>Defendants. | : | CIVIL ACTION<br>No. ___________________<br><br>**COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION** |

Plaintiff, SMEG USA, LLC ("SMEG"), by and through its undersigned attorneys, hereby bring this Complaint against Defendants UNIS, LLC, ("UNIS"), and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks a preliminary injunction against UNIS enjoining the immediate and irreparable harm of damage or destruction to the goods and products, owned by SMEG, which currently are being held hostage in the exclusive custody and control of UNIS. It also seeks damages for breach of contract resulting arising out of UNIS's refusal to abide by the terms of the contract between the parties.

2. UNIS is a third-party logistics provider, purporting to offer services to its clients such as procurement, distribution, transportation, and fulfillment of logistical needs. UNIS agreed to provide these services to SMEG at a UNIS facility located in Pennsylvania, and to protect and care for SMEG's property, in exchange for valuable and significant compensation.

3. The parties memorialized this agreement and performed under a fully enforceable contract, with express terms negotiated by the parties and to which the parties agreed.

4. UNIS has breached the contract, and in doing so has held and continues to hold SMEG's goods and products hostage, despite demanding that SMEG remove them from the UNIS facility.

5. Through UNIS's direct or indirect acts, the facility at which SMEG's goods currently reside has been left unlocked, unattended, and ripe for theft or other damage.

6. Indeed, through UNIS's attention or inattention, two truckloads full of SMEG's goods already have been lost.

7. Based solely on UNIS's refusal to release SMEG's goods, SMEG faces the immediate, irreparable harm of losing all of its inventory currently being wrongfully and unlawfully held by UNIS.

8. UNIS has breached its contract with SMEG, but more so it has placed SMEG's inventory – inventory that UNIS must exercise reasonable care and diligence in protecting – in peril.

9. SMEG seeks an immediate, emergency injunction preventing UNIS from damaging, destroying, selling, abandoning, or otherwise interfering with SMEG's goods currently in UNIS's possession. Additionally, SMEG seeks damages resulting from UNIS's breach of its contract with SMEG, including but not limited to lost business, relocation costs, and customer chargebacks.

10. While SMEG can be compensated monetarily for its business interruption losses, loss of or damage to SMEG's unique, high-end goods and inventory would cause immediate and irreparable harm to SMEG, its business, and its customers.

**THE PARTIES**

11. Plaintiff SMEG manufactures and sells state of the art home appliances. SMEG is a New York limited liability corporation with a principal place of business located in Kearny, New Jersey.

12. Upon information and belief, Defendant UNIS is a Delaware limited liability corporation with a principal place of business located in Buena Park, California.

**JURISDICTION**

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of property that is the subject of the action is situated in the District.

15. Venue also is proper pursuant to the Contract, under which [a]ny lawsuit or other action involving any dispute, claim or controversy relating in any way to this Agreement shall be brought only in the appropriate state or federal court in the state where a Facility is located." Ex. A, Contract at ¶ 18.

**FACTUAL BACKGROUND**

16. SMEG and UNIS entered into and performed under a Standard Agreement for Logistics Services (the "Contract"), with an Effective Date of December 1, 2022, to house and store SMEG's gods at a facility located at 175 Cesanek Rd., Northampton, PA 18067 (the "Facility").

17. The Contract authorizes UNIS "to act as SMEG's agent to procure, distribute, transport, and fulfill [SMEG's] logistics needs, including but not limited to the provision of Services for handling, warehousing, transporting, and inventorying [SMEG's] Goods." Ex. A, Contract at ¶ 1.

18. The terms of the Contract state that its term "shall be for 3 years from the Effective Date", and that the Contract "shall automatically renew for successive 1-year renewal terms, under the same terms and conditions then in effect, unless [SMEG] provides [UNIS] with written notice of [SMEG's] election not to renew at least 90 days prior to the then-current term." Ex. A, Contract at ¶ 14.

19. SMEG did not at any point, and to this day has not, provided UNIS with written notice of SMEG's election not to renew the Contract.

20. The Contract provides that UNIS "may, upon written notice of not less than 90 days to [SMEG]…require removal of any goods." Ex. A, Contract at ¶ 3(d) (emphasis added).

21. In correspondence dated August 14, 2026 (sent by email on August 13, 2026), UNIS wrote to SMEG purporting to require SMEG to remove its products and vacate the facility by no later than September 21, 2026 (the "Notice"). A copy of the Notice is attached as Exhibit B.

22. The Notice purports to provide SMEG with thirty-nine (39) days' notice to remove SMEG's goods from the facility, rather than the ninety (90) days required by the Contract. *See* Ex. B.

23. At the time of the Notice, the Contract between the parties was in full force and effect.

24. Despite the Notice's contradiction of the express terms of the Contract, UNIS has purported to rely on the Notice to force SMEG to remove, or abandon, SMEG's property at the facility within a significantly shortened timeframe than that agreed upon by the parties in the Contract.

25. Concerned for the safety of its goods, and despite UNIS's breach of the Contract, SMEG attempted to remove its contents from the Facility.

26. During SMEG's attempt to remove its inventory from the Facility, UNIS unilaterally declared that SMEG could not remove the goods until SMEG paid the remainder of SMEG's Contract with UNIS, including amounts not yet due and owing.

27. UNIS's position has no basis in the law or under the Contract, and it places SMEG's valuable goods and products in peril.

28. The Facility currently sits unlocked and unsecured, with no safeguards preventing theft of or damage to SMEG's goods.

29. Already, two trucks full of SMEG's property were stolen right after UNIS failed to check on documentation to be provided by drivers at pick up.

30. No reason exists for SMEG to trust that its property at the Facility will not meet the same fate.

31. UNIS has wrongfully and baselessly demanded payment in full of the remainder of SMEG's contract with UNIS, including amounts not yet due and owing, as ransom for releasing SMEG's property.

32. UNIS has failed to exercise reasonable care in the storage and handling of SMEG's goods and inventory.

33. Upon information and belief, UNIS has run this gambit before, when former entity "SB Freight, LLC" shut down and skirted its debts by rebranding as UNIS, leaving its creditors uncompensated.

34. Accordingly, money damages, while appropriate for UNIS's breach of contract, will not suffice to correct the wrong that UNIS continues to inflict upon SMEG.

35. SMEG has indeed suffered money damages as well.

36. To date, SMEG has suffered significant monetary losses in lost inventory, stolen inventory, relocation and transportation costs, increased storage fees, increased rent, business interruption loss, reputational damage, customer chargebacks, and lost customers.

37. Each of these categories of damages results directly from UNIS's breach of the Contract.

38. SMEG also will suffer consequential damages, not of the kind anticipated by the Contract, arising from UNIS's breach, including but not limited to increased rent and increased shipping costs.

39. Upon information and belief, UNIS has until October 29, 2026 to vacate the Facility itself.

40. Accordingly, time is of the essence to enjoin UNIS from damaging or otherwise interfering with SMEG's goods, and to order UNIS to return those goods, the rightful property of SMEG.

**FIRST CAUSE OF ACTION**
**<u>Preliminary Injunction</u>**

41. Plaintiff repeats and realleges the facts set forth in paragraphs 1 through 40 as though fully set forth herein.

42. Defendant has wrongfully held and continues to hold SMEG's property, without SMEG's consent, and has refused and continued to refuse to release said property to SMEG.

43. The property in question belongs to SMEG, and UNIS has no basis under the law or the Contract for retaining it, accordingly SMEG is likely to prevail on the merits of this matter.

44. SMEG will suffer irreparable harm in the absence of a preliminary injunction, as its valuable, unique, and high-end inventory is at risk for loss, damage, theft, and abandonment.

45. Moreover, UNIS's financial status is unknown, making an award of monetary damages alone insufficient to make SMEG whole should its inventor suffer a loss due to UNIS's malfeasance.

46. UNIS will suffer no irreparable harm through grant of a preliminary injunction, as it holds no title – legal, equitable, or otherwise – to SMEG's goods currently in UNIS's possession.

47. Public interest further dictates that a preliminary injunction be entered, to dissuade UNIS and future bad actors from engaging in the abject malfeasance that UNIS has demonstrated here.

48. A preliminary injunction enjoining UNIS from losing, damaging, abandoning, stealing, or further retaining SMEG's property is proper under the circumstances.

49. Based on the above, this Court should enter a preliminary injunction enjoining UNIS from losing, damaging, abandoning, stealing, or further retaining SMEG's property, and ordering the immediate relinquishment by UNIS of SMEG's property to SMEG.

**SECOND CAUSE OF ACTION**
**Breach of Contract**

50. Plaintiff repeats and realleges the facts set forth in paragraphs 1 through 49 as though fully set forth herein.

51. The Contact constitutes a valid and enforceable contract between SMEG and UNIS.

52. SMEG has complied fully with all terms and conditions, and satisfied all obligations under the Contract to the extent that they have not been waived or abrogated by UNIS's conduct, omissions, or actions.

53. Under the Contract, UNIS must exercise reasonable care and diligence in protecting and preserving goods entrusted to UNIS by SMEG.

54. UNIS has failed to exercise reasonable care and diligence in protecting and preserving goods entrusted to UNIS by SMEG.

55. Under the Contract, UNIS must provide SMEG with written notice of not less than ninety days before requiring the removal of any of SMEG's goods in UNIS's possession.

56. UNIS purported to provide SMEG with no more than thirty-eight days to remove SMEG's goods in UNIS's possession.

57. UNIS has breached the Contract.

58. As a result of UNIS's breach, SMEG has been damaged in an amount to be determined at trial, including damages for lost inventory, stolen inventory, relocation, transport, increased storage fees, increased rent, business interruption loss, reputational damage, and lost customers.

59. As a result of UNIS's breach, UNIS is liable to SMEG for all damages incurred, including consequential damages; costs, disbursements and attorneys' fees for this action; and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SMEG requests judgment as follows:

1. With respect to the First Cause of Action, a Preliminary Injunction enjoining Defendant UNIS from losing, damaging, abandoning, stealing, or further retaining SMEG's property, and ordering the immediate relinquishment by UNIS of SMEG's property to SMEG;

2. With respect to the Second Cause of Action, awarding money damages, including but not limited to, compensatory and consequential damages, together with pre- and post-judgment interest, attorneys' costs and fees; and

3. With respect to all Causes of Action, such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Philadelphia, Pennsylvania
September 28, 2026

**ANDERSON KILL P.C.**

By: */s/ Bruce E. Strong*

Bruce E. Strong, Esq.
(Attorney Id. No. 315821)
Dennis J. Nolan, Esq.
(*pro hac vice forthcoming*)
John M. Leonard, Esq.
(*pro hac vice forthcoming*)
Kathleen V. Gatti, Esq.
(*pro hac vice forthcoming*)
1717 Arch St., 34th Floor
Philadelphia, PA 19103
Telephone: (267) 216-2700
*Attorneys for Plaintiff SMEG USA, Inc.*